**MEYER, Plaintiff-Appellee, v. DUNIFON, Dir. DEPT. OF LIQUOR CONTROL, etc., Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4338.   Decided August 18, 1949.

Fred J. Reiners, Cincinnati, for plaintiff-appellee.
Hon. Herbert S. Duffy, Atty. Genl., John J. Nolan, Asst. Atty. Genl., Columbus, for defendants-appellants.

**OPINION**

By THE COURT.

This is a motion seeking an order staying execution of a judgment in the Common Pleas Court, ordering the appellant to issue a liquor permit to the appellee. The appellee is opposing the motion alleging that the delay in the issuing of the permit will cause an irreparable injury; that the loss of profits will be so indefinite and uncertain as to preclude a recovery. But on the other hand, the wrongful issuing of a permit may cause irreparable injuries to those whom the law seeks to protect.

This is a matter which rests within the sound discretion of the Court and which, we think, requires that the motion be sustained. It will be so ordered.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

No. 4338. Decided March 6, 1950.

Fred G. Reiners, Cincinnati, for plaintiff-appellee.
Hon. Herbert S. Duffy, Atty. Genl., Charles T. Kaps, Asst. Atty. Genl., Columbus, for defendants-appellants.

**OPINION**

By MILLER, PJ.

This is a law appeal from the judgment of the Court of Common Pleas reversing an order of the Board of Liquor Control which affirmed the action of the Department of Liquor Control in rejecting the application of the appellant for C-1, C-2, D-1 and D-2 permits for the sale of intoxicating beverages under the laws of Ohio.

The record discloses that in October, 1947, the plaintiff-appellee filed his applications with the Department for the above specified permits. The business was to be located in a building under construction; that in response to the application an inspection of the premises was made soon thereafter by an inspector of the Department who advised the plaintiff-appellee that he could not make the inspection required until he was "set up," which meant that he was ready to operate a business meeting the requirements of the General Code. The plaintiff-appellee testified he then installed special equipment in the building which was worth approximately $8500.00; that sometime in January while this equipment was being installed the Pastor of a church located within 500 feet of his proposed place of business advised him that

the church was going to object to the establishment of the business, but notwithstanding this proposed objection he completed the installation. On April 12, 1948, the plaintiff-appellee received notice that his applications had been rejected for the following five reasons:

1. Proximity of the church.
2. Objection of the church.
3. Neighborhood objection.
4. Objection from Ministerial Association.
5. Not the type of neighborhood for permit premises.

The only error assigned is that the judgment is contrary to law. The Common Pleas Court under §154-73 GC was empowered to review the action of the Board but not to substitute its judgment for that of the Board. **Farrand v. State Medical Board, 151 Oh St 222.** Since the Board of Liquor Control was the trier of the facts it possessed wide discretionary powers and its ruling may be reversed if it exceeded its authority or abused its discretion. It must be conceded that the objection by the church authorities to the issuing of these permits to be used by a tavern within 500 feet of the church constituted a valid objection if sustained under §6064-16 GC, which provides:

"Applications for regular permits authorized by this act may be filed with the department of liquor control at any time after this act becomes effective. No permit shall be issued by the department under authority of this act until fifteen days after the application therefor is filed; and no permit shall be issued by the department under authority of this act if the business specified to be operated in the permit applied for is to be operated within a distance of five hundred feet from the boundaries of a parcel of real estate having situated thereon a school, church, library or public playground, until written notice of the filing of said application with the department shall have been personally served upon the authorities in control of said school, church, library or public playground and an opportunity shall have been provided said authorities for a full and complete hearing before the director of liquor control upon the subject of the advisability of the issuance of the said permit; except in the case of an application from a permit holder for a permit of the same class for the same location."

It will be noted that this section permits the issuing of the licenses under the conditions here existing, but only after notifying the church authorities and affording them an opportunity for a full and complete hearing before the Director.

The record discloses that such a notice was never served upon the church authorities but they did voluntarily enter their objection by filing petitions containing more than 200 signatures. Now may the plaintiff-appellee be heard to complain because of this irregularity? We are of the opinion that the statute was enacted solely for the benefit of the organizations enumerated therein and not for the applicant. This being true he cannot be injured by such procedure. The plaintiff-appellee urges, however, that had the Department of Liquor Control notified the church of the pendency of the application, within a reasonable time, their objections would have been seasonably made and he would have been saved the unnecessary expense of equipping the place for a business which he could not engage in; that the defendant's inspector encouraged him to make the installations and now to deny the permits would work an injustice upon him. The trial court held that substantial justice had not been done this plaintiff-appellee and that said order constituted an abuse of discretion on the part of the Director of the Department of Liquor Control. This order ignores completely the giving of any consideration to the church for whose benefit §6064-16 GC was enacted. The record discloses that a full hearing was had before the Board and the presumption is that the Board gave favorable consideration to the objections and in so doing we cannot say there was an abuse of discretion. The actions of the inspector in encouraging the applicant to complete the project could not be binding upon the Department to issue the permits and the doctrine of estoppel has no application. The power to grant permits for the sale of intoxicating beverages is vested solely in the Department of Liquor Control. **Sec. 6064-8(2) GC.** It also has authority to promulgate rules and regulations with reference to applications for and the issuance of permits. **Sec. 6064-3 GC.** Acting under this authority Regulation No. 24 was adopted and filed with the Secretary of State, which provides:

"Excepting class F permits, no permit shall be issued by the department until after inspection of the premises by the Enforcement Division and until after a report thereof shall have been filed with the department."

Under this regulation the director was not authorized to issue the permits until the premises had been inspected which could not be effectively done until the building was completed and the equipment required by §6061-15 GC was installed. This section provides that D-1 and D-2 permits may be issued to the owner or operator of a hotel or restaurant

licensed pursuant to §843-2 GC. The record discloses that at no time while the application was pending was the restaurant in this building in operation. It must be in operation at ■ the time the permit is applied for and issued. See **Mocilnikar, dba, etc., v. Board of Liquor Control, et al., 84 Oh Ap 266.**

We are of the opinion that the plaintiff-appellee is in error in assuming that the church would immediately raise its objection upon being notified of the application by the Director. **Sec. 6064-16 GC** does not make such a requirement. This section merely requires that the church authorities shall be granted an opportunity for a full and complete hearing before the permits are granted. Therefore if the objections were made at the hearing they would have been seasonably made. The record discloses that the objections made by the church were substantial and therefore supported the ruling of the Department. Under such circumstances the Board did not abuse its discretion. The judgment of the Common Pleas Court is reversed and the ruling of the Board is ordered affirmed.

HORNBECK and WISEMAN, JJ, concur.